IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of: )
)   No. 76330-0-I
ARADHNA FORREST (f/k/a Luthra),   )
)   DIVISION ONE
      Respondent,   )
)
    and   )
)
VIKAS LUTHRA,   )   UNPUBLISHED OPINION
)
      Appellant.   )   FILED: April 23, 2018
)

BECKER, J. — Vikas Luthra appeals from a contempt order imposing jail time for his noncompliance with provisions of a parenting plan. Ample evidence supports the finding of contempt. Incarceration was an appropriate sanction. We affirm.

Luthra's marriage to the respondent, Aradhna Forrest, was dissolved in 2010 after a five-day trial. The court entered detailed findings of fact. The court determined that Luthra had obsessive-compulsive disorder (OCD) and that his OCD manifestations were most severely pronounced at home. Luthra's failure to adequately treat his OCD was adversely impacting the parties' son, then six years old. The parenting plan included provisions requiring Luthra to engage in "intensive, home-based therapy for his OCD" with a therapist "highly experienced

in intensive OCD treatment." The court concluded that requiring this treatment served the child's best interests. If Luthra could more effectively manage his OCD, the child could "continue to have the regular presence of his father in his life in a way that is healthy for him." An order to enforce the parenting plan, entered on June 6, 2011, required Luthra to begin treatment within three months.

Luthra did not engage in the required therapy, prompting Forrest to bring contempt proceedings against him in July 2015. See RCW 26.18.050; RCW 26.09.160(1)-(2) (authorizing contempt proceedings against parent who refuses to comply with parenting plan). The trial court ordered Luthra to develop a plan to engage in intensive home-based OCD treatment. During a series of subsequent review hearings, Luthra failed to convince the court that he was receiving appropriate treatment. Between October 2015 and June 2016, the court entered four contempt orders against him. The orders imposed increasingly coercive sanctions, including assignment to work crew. The trial judge warned Luthra on numerous occasions that continued noncompliance would result in incarceration.[1] We affirmed the contempt orders in an unpublished opinion.[2]

The present appeal arises from a review hearing on December 6, 2016. During the hearing, Luthra, representing himself, told the judge that he was

---

[1] See, e.g., Report of Proceedings (Aug. 19, 2015) at 27; Report of Proceedings (Oct. 20, 2015) at 41; Report of Proceedings (Jan. 13, 2016) at 30-31; Report of Proceedings (Mar. 16, 2016) at 9; Report of Proceedings (May 17, 2016) at 22.

[2] In re Marriage of Forrest, No. 74034-2-I, slip op. at 13 (Wash. Ct. App. Feb. 6, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/740342.pdf.

participating in home-based therapy. He did not substantiate this claim. He presented evidence that he had recently begun attending sessions with a psychologist but provided minimal detail as to the nature of the treatment. He told the court that the psychologist was "doing what is necessary for the purposes of treating my OCD." The court found that Luthra had "partially complied" with prior orders but that he remained in contempt. Luthra was ordered to serve 10 days in the King County Correctional Facility. The court suspended this sanction pending a review hearing in January 2017. The court instructed Luthra that in advance of the next hearing, he should submit specific information, outlined in the contempt order, concerning his current treatment plan.

Luthra filed a notice of appeal in this court on January 11, 2017, seeking review of the December 2016 contempt order. Meanwhile, Luthra submitted to the trial court a declaration from his psychologist in which the psychologist expressed her opinion that Luthra did not require intensive home-based treatment and she would therefore not provide it to him. After a hearing on January 18, 2017, the court entered an order finding that Luthra had made "some forward progress" by attending office sessions with the psychologist. But he had not shown that the psychologist had expertise in OCD or that she was providing the type of therapy required by the parenting plan. Thus, Luthra remained in contempt. The court imposed a sanction of 2 days' incarceration, reduced from the 10 days previously imposed.

Luthra filed an amended notice of appeal in this court, challenging the sanction imposed on January 18 in addition to the December 2016 contempt order. He claims that the contempt finding is not supported by the evidence and the jail sanction exceeds the trial court's authority. We review challenges to a contempt order for an abuse of discretion. In re Pers. Restraint of King, 110 Wn.2d 793, 798, 756 P.2d 1303 (1988). A trial court abuses its discretion by exercising it on untenable grounds or for untenable reasons. In re Marriage of James, 79 Wn. App. 436, 440, 903 P.2d 470 (1995).

A contempt finding is warranted only if a party acted in bad faith or committed intentional misconduct. RCW 7.21.010(1)(b); James, 79 Wn. App. at 441. Luthra contends that his failure to comply with the parenting plan was not contumacious because he exercised "good faith due diligence" in attempting to find a qualified provider.

The record adequately supports that Luthra's noncompliance was intentional. At various points below, the trial court entertained evidence and argument concerning the availability and necessity of the treatment ordered in the parenting plan, including arguments by Luthra that he could not find a qualified provider. But Luthra provided little evidence to substantiate his alleged efforts to comply. During the most recent hearings, in December 2016 and January 2017, Luthra demonstrated that he was participating in non-home-based therapy with a psychologist whose expertise in OCD was not established. He did not show additional steps to comply with the parenting plan. He did not show that the treatment ordered by the court was unavailable. In the absence of such

4

evidence, the trial court could reasonably determine that Luthra remained in contempt.

Luthra contends that the trial court exceeded its authority by imposing jail time as a sanction. We disagree.

The contempt statute authorizes both remedial and punitive sanctions. RCW 7.21.050(1). "A remedial sanction is imposed for the purpose of coercing performance when the contempt consists of failure to perform an act that is yet in the person's power to perform." In re Interest of M.B., 101 Wn. App. 425, 438, 3 P.3d 780 (2000), review denied, 142 Wn.2d 1027 (2001). Unlike punitive sanctions, remedial sanctions are civil and therefore do not require criminal due process protections. M.B., 101 Wn. App. at 438. "A contempt sanction involving imprisonment remains coercive, and therefore civil, if the contemnor is able to purge the contempt and obtain his release by committing an affirmative act." M.B., 101 Wn. App. at 439.

Luthra argues that the sanction is punitive because it requires incarceration for a determinate number of days. The fact that a sanction imposes a determinate sentence does not make it punitive. M.B., 101 Wn. App. at 439. What is dispositive is whether the sanction is intended to punish or coerce. The record establishes that the trial court ordered Luthra's incarceration to motivate him to comply with the parenting plan after other sanctions failed to produce this result. Luthra retained the power to purge the contempt and avoid future contempt sanctions by committing an affirmative act—demonstrating his efforts to comply with the parenting plan. The trial judge provided specific instructions

5

.

as to how Luthra could show compliance in both the December 2016 and January 2017 contempt orders. We conclude the sanction was remedial, not punitive.

Luthra contends that the trial court improperly modified the parenting plan by ordering him to perform work crew days. This is so, he asserts, because the parenting plan does not mention work crew as a possible consequence for violations. This issue is not properly before us. The contempt orders requiring Luthra to participate in work crew are not challenged in this appeal. In any event, Luthra fails to demonstrate that a court modifies a parenting plan by imposing a contempt sanction.

Luthra contends the trial judge was biased. The record does not support this claim. Luthra points out that during the January 2017 review hearing, the court denied a request by Luthra to continue the case until a public defender could be appointed to represent him. The judge interpreted the request as dilatory. This conclusion was reasonable under the circumstances.

Luthra challenges the portion of the contempt order awarding attorney fees to Forrest. We will not disturb the award absent an abuse of discretion. In re Marriage of Crosetto, 82 Wn. App. 545, 563, 918 P.2d 954 (1996). An award of fees to the aggrieved parent in a contempt proceeding is authorized by RCW 7.21.030(3) and RCW 26.09.160(1). The award here was supported by the declaration of Forrest's counsel. Luthra offers no persuasive basis for finding that the amount awarded was excessive or otherwise unreasonable. We decline to vacate the award.

Luthra raises additional issues for the first time in his reply brief. An issue raised and argued for the first time in a reply brief does not warrant consideration. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

To summarize, Luthra has identified no basis for overturning the trial court orders. We are satisfied that the trial court adhered to applicable requirements in crafting the orders and gave careful consideration to the circumstances of this case. The judge exercised patience and flexibility in seeking proof from Luthra that he is committed to satisfying his obligations under the parenting plan. Imposing jail time was reasonable to motivate Luthra to obtain effective treatment for his own sake and for that of his child.

Forrest requests attorney fees on appeal based on the filing of a frivolous appeal or intransigence in this court. We decline to award fees on these grounds.

In two prior appeals between Luthra and Forrest, we ordered Luthra to pay attorney fees incurred by Forrest on appeal.[3] Forrest alleges Luthra has not complied with these orders. If Luthra files further appeals in this matter without having paid Forrest's attorney fees as previously ordered by this court, Forrest may file a motion to require full payment as a condition of appellate review. RAP 18.9(a).

---

[3] In re Marriage of Forrest, No. 71018-4-I, slip op. at 11-12 (Wash. Ct. App. Nov. 17, 2014) (unpublished), http://www.courts.wa.gov/opinions/pdf/710184.pdf; In re Marriage of Forrest, No. 74034-2-I, slip op. at 13.

No. 76330-0-I/8

Affirmed.

WE CONCUR:

Baker, J.

Cox, J.